**Zeput LABBAD, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant, Appellee.**

No. 01–57202.

D.C. No. CV–99–03176–SVW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2002.

Decided Dec. 13, 2002.

Before D.W. NELSON and T.G. NELSON, Circuit Judges, and SCHWARZER,* Senior District Judge.

### MEMORANDUM**

Zeput Labbad appeals the judgment of the district court affirming the decision of an Administrative Law Judge (ALJ) denying her application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1382. Labbad raises four contentions: (1) the ALJ failed to apply the correct legal standard, (2) the ALJ's findings of fact were not supported by substantial evidence, (3) the ALJ's hypothetical question to the vocational expert was improper, and (4) the ALJ committed reversible error by not developing the medical record for an earlier period. We reject all four contentions.

First, Labbad contends the ALJ failed to apply the standard under *Cotton v. Bowen*, 799 F.2d 1403, 1407–08 (9th Cir.1986). Under the *Cotton* standard, a claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symp-

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

toms alleged." *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir.1991) (quoting 42 U.S.C. § 423(d)(5)(A)(1988)). The ALJ used the *Cotton* standard in evaluating the evidence. He acknowledged that Labbad had impairments that could reasonably be expected to cause some limitations, but found her allegations not fully credible. The ALJ's credibility determination was supported by findings that she exaggerated her symptoms, alleged conditions not found on examination, demonstrated abilities in excess of those alleged, and required only infrequent treatment.

■ Second, substantial evidence supports the ALJ's findings of fact. Because Labbad did not submit the administrative record, we can only determine the sufficiency of the evidence from the face of the ALJ's decision. The ALJ appears to have reviewed exhibits and testimony from Labbad, as well as from a medical expert and a vocational expert, and carefully addressed and analyzed all the available medical evidence. Given the record reflected in the ALJ's decision, substantial evidence supports the ALJ's finding that while Labbad has no past work experience, she retains the residual functional capacity to perform jobs like that of cashier or assembler of electrical accessories or printed products in an environment that adheres to normal standards of cleanliness (no unusual amounts of dust, noxious fumes, or particulate matter).

Third, the ALJ's hypothetical question to the vocational expert was proper. Because Labbad was found to have exaggerated her symptoms, she is not entitled to have included limitations not supported by the evidence. *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir.1989).

* This panel unanimously finds this case suit-

Finally, the ALJ went well beyond what was required of him in developing the record. The ALJ had previously remanded the case to the state agency to develop the record regarding Labbad's psychiatric condition, called on Labbad to submit additional evidence, and requested additional medical records from her physicians.

AFFIRMED.